<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LILIAN J. CASTRO MEZA,<br><br>*Petitioner*,<br><br>v.<br><br>LUIS SOTO, *et al.*,<br><br>*Respondents*. | Civil Action No. 26-cv-07477<br><br>**ORDER**<br><br>July 6, 2026 |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Lilian J. Castro Meza ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of her immigration detention without bond (ECF No. 1); and

**WHEREAS**, Petitioner contends that Respondents are unlawfully detaining her without the possibility of bond under the mandatory detention provisions of 8 U.S.C. § 1225(b) pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), thereby rendering her ineligible for bond before an Immigration Judge (*id.* ¶¶ ¶¶ 3–4, 34); and

**WHEREAS**, Petitioner is a native and citizen of Honduras who entered the United States on or about February 27, 2019, was processed and released on her own recognizance, has resided continuously in Morristown, New Jersey since that time, and has remained in removal proceedings before the Immigration Court since approximately April 8, 2020, where she has pursued applications for asylum, withholding of removal, and protection under the Convention Against Torture (*id.* ¶¶ 2, 28–30); and

**WHEREAS**, the Petition alleges that Petitioner is a single mother of two children who

have received Special Immigrant Juvenile deferred action and has worked continuously to secure her children's immigration status.  Furthermore, Petitioner may be eligible to seek cancellation of removal once she has attained ten years of continuous presence in the United States and if her children are granted permanent residency (*id.* ¶¶ 2, 30–31, 35); and

**WHEREAS**, according to the Petition, on June 20, 2026, Petitioner was detained by immigration officers in Morristown, New Jersey while driving a relative's vehicle to an oil-change appointment, despite allegedly not being the subject of a warrant, possessing valid employment authorization, and having no criminal history or final order of removal (*id.* ¶¶ 2, 32–33); and

**WHEREAS**, Petitioner contends that her continued detention pursuant to *Matter of Yajure Hurtado* is unlawful and violates the Due Process Clause of the Fifth Amendment (*id.* ¶¶ 1, 3–4, 34, 63–77), and

**WHEREAS**, Respondents filed a Response to the Petition on July 2, 2026, that cites authority which they acknowledge has been rejected by several courts to reach the issue in this District[1] (ECF No. 5); and

**WHEREAS**, Respondents have not alleged that Petitioner poses a danger to the community or risk of flight (*see id.*); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1) and the Response (ECF No.

---

[1] *See, e.g., Marca Lemu v. Soto,* No. 25-cv-17098 (RMB), 2025 WL 3470298 (D.N.J. Dec. 3, 2025); *Perez v. Lyons,* No. 25-cv-17186 (ESK), 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar,* No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons,* No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas,* No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi,* No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025), *appeal filed sub nom. Rivera Zumba v. U.S. Attorney Gen.,* No. 25-3328 (3d Cir. Dec. 2, 2025).

2

5) and resolves the matter on the controlling statutory framework; and

**WHEREAS**, Petitioner is being unlawfully detained under 8 U.S.C. § 1225. However, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained[.]" (*Id.* at 366.) The Court declines to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g., Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 782(E.D. Mich. 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that

Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS,** on this 6th day of July 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner within 24 hours of this Order, under the same conditions that existed prior to her detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to her; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

4

_/s/ Jamel K. Semper_
**HON. JAMEL K. SEMPER**
**United States District Judge**